TRACY L. WILKISON
Acting United States Attorney
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
JOHN A. BALLA (Cal. Bar No. 295474)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, CA 92501
     Telephone: (951) 276-6246
     Facsimile: (951) 276-6202
     E-mail:    john.balla@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>CHRISTOPHER LAMAR HOLMES,<br><br>          Defendant. | ED CR No. 20-132-JGB<br><br>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT TREVAUGN DESEAN MOORE<br><br>**Sentencing Date:** 05/24/21<br>**Sentencing Time:** 2:00 PM<br>**Location:** Courtroom of the Hon. Jesus G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorney John A. Balla, hereby files its sentencing position as to defendant Christopher Lamar Holmes.

The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report ("PSR"), and any other evidence or argument that the Court may wish to consider at the time of

i

sentencing.  The government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: May 14, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Office

*/s/ John A. Balla*
JOHN A. BALLA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**I.    INTRODUCTION**

Defendant Christopher Lamar Holmes proudly displayed a loaded AR ghost gun while his co-defendant gang associate filmed for social media.  Defendant was driving his co-defendant an hour before his co-defendant carried that same gun during an illegal gun deal resulting in shots fired throughout a dense apartment complex in San Bernardino.  He now comes before the Court for sentencing on a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition.

Defendant seemingly didn't learn from his past mistakes; on top of his two prior violent convictions, he had just come off a 28-month sentence in 2014 for Attempted Possession of Ammunition by a Prohibited Person and a 4-year sentence in 2017 for Felon in Possession of a Firearm, and he was still on parole.  Based on the appropriate sentencing considerations in 18 U.S.C. § 3553(a), the government respectfully requests a sentence within the Sentencing Guidelines range, 51-63 months, followed by a three-year term of supervised release, and a $100 special penalty assessment.

///
///

## II. FACTUAL BACKGROUND

### A. The Offense Conduct

In the mid-afternoon on April 4, 2020, San Bernardino Police Department responded to a shots-fired call at an apartment complex. The officers seized an AR ghost gun loaded with a high-capacity magazine left behind at the scene of the shooting (Doc. 37, Ex. 1 at 3, 4, 8):





Law enforcement discovered that the shooting happened right after an illegal gun deal involving co-defendants Diamond Lucious and Trevaugn Moore. (Id. at 1-5.)

As part of the investigation, law enforcement reviewed data from the Instagram account owned by Lucious. They found videos that Lucious recorded and posted an hour before the shooting depicting

defendant driving with Lucious and holding the same AR that Lucious left at the scene of the shooting (id. at 6):




Other photos and videos showed that defendant and Lucious both bore tattoos of the classic Milwaukee Brewers ball-in-glove logo, a symbol adopted by the Five Time Hometown Crips criminal street gang, including the video below.  (Id. at 11-12.)  Lucious boasted about being a Crip member while defendant menacingly pointed an imaginary gun at the camera and, in other videos, he rapped lines like, "fuck the cops," "fresh out that pen," "stay strapped up," "still gunning," and "we shooting" (id.):

///

///

3



B.   **Defendant's Criminal History**

Defendant has the following adult convictions reflected in his PSR:

///

///

| DATE | TYPE | VIOLATION | SENTENCE |
|---|---|---|---|
| 06/02/10 | Felony | CA PC § 487(f): Grand Theft from Person<br><br>(Superior Court of California, County of San Bernardino, Case Number FSB905031) | 2 years' imprisonment |
| 10/29/10 | Felony | CA PC § 459: First Degree Burglary<br><br>(Superior Court of California, County of San Bernardino, Case Number FVA1001155) | 4 years' imprisonment |
| 10/10/14 | Felony | CA PC §§ 30305(a)(1) and 664: Attempted Possession of Ammunition by a Prohibited Person<br><br>(Superior Court of California, County of San Bernardino, Case Number FSB1404583) | 28 months' imprisonment |
| 10/08/16 | Misd. | CA VC § 10851(a): Vehicle Theft<br><br>CA VC § 23152(e): DUI<br><br>(Superior Court of California, County of Orange, Case Number 17CF2984) | 180 days' jail, 3 years' probation |
| 08/11/17 | Felony | CA PC § 29800(a)(1): Felon in Possession of a Firearm<br><br>(Superior Court of California, County of San Bernardino, Case Number FWV17001866) | 4 years' imprisonment |

**III. GUIDELINES CALCULATION**

The United States Probation Office disclosed defendant's PSR, calculating a criminal history category of VI and a total offense

5

level of 17. The resulting advisory Guidelines range is 51 to 63 months of imprisonment. The government agrees with the Probation Office's calculation of the Guidelines range.

## IV. APPROPRIATE SENTENCE

While still on parole following two prior ammunition and firearm convictions, defendant proudly held a loaded ghost AR on social media. Defendant has a violent criminal history and a history of illegally possessing firearms and ammunition. His lengthy prison sentences for those crimes did not deter him from continuing to possess a firearm and boasting about shooting others. Nor did the fact that he was on parole at the time of the offense conduct in this case. The government respectfully asks the Court to impose a sentence within the Guidelines range, 51-63 months, followed by a three-year term of supervised release, and a $100 special penalty assessment.

The Court must impose a significant sentence to afford adequate deterrence to future criminal conduct and to protect the public from defendant's crimes. Defendant has a history of committing violent crimes and firearm-related crimes, and seemingly nothing will deter him from continuing. A 4-year prison sentence for First Degree Burglary in 2010 did not deter him. A 2-year prison sentence for Grand Theft from Person in 2010 did not deter him. A 28-month prison sentence for Attempted Possession of Ammunition by a Prohibited Person in 2014 did not deter him. A 4-year prison sentence for Felon in Possession of a Firearm in 2017 did not deter him. Being on parole did not deter him. A sentence within the Guidelines range will hopefully deter defendant from continuing to commit crimes and protect the public in the meantime.

Further, the Court must impose a significant sentence to promote respect for the law. The timing of defendant's past crimes and the charged crime shows disrespect for the law. He committed his past crimes in rapid succession one after another. Following his most recent release at the beginning of 2020, he immediately committed the instant offense. A significant sentence will communicate the message that defendant must follow the law going forward.

## V.  CONCLUSION

For the reasons above, the Court should sentence defendant within the Guidelines range of 51-63 months' imprisonment, followed by a three-year period of supervised release, and a mandatory special assessment of $100.